# SCHINDEL, FARMAN, LIPSIUS, GARDNER & RABINOVICH LLP
## ATTORNEYS AT LAW
14 PENN PLAZA, SUITE 500
NEW YORK, N.Y. 10122

NEW JERSEY OFFICE

(212) 563-1710
FACSIMILE (212) 695-6602
WEBSITE: www.sfl-legal.com

4 CORNWALL DRIVE, SUITE 101
EAST BRUNSWICK, N.J. 08816
(732) 390-0166

IRA S. LIPSIUS
Extension 202
E-mail ilipsius@sfl-legal.com

FACSIMILE (732) 432-7706

April 29, 2010

**VIA ECF**

Honorable Judge Allyne R. Ross
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   **American General Life Insurance Co. v. Salamon et al.**
             **Docket No**: **09-cv-5428**
             **Our File No. 4374.0001**

Dear Judge Ross:

      In accordance with Rule III.A. of her Honor's Individual Motion Practice Rules, defendants submit this letter requesting a pre-motion conference.

      American General Insurance Company (AIG) commenced this action to rescind a policy of life insurance issued on the life of Hana Salamon and owned by the Hana Family Trust.

      AIG alleges that the policy was issued based upon false application and the absence of insurable interest.

      AIG commenced this action on December 11, 2009. AIG alleges that it investigated the matter, discovered the grounds for rescission and further alleges, in paragraph 27 of the complaint:

> 27. Accordingly, on February 5, 2009, American General sent a rescission letter to Hana Salamon, requesting voluntary rescission without resorting to court intervention.

SCHINDEL, FARMAN, LIPSIUS, GARDNER & RABINOVICH LLP

Honorable Judge Allyne R. Ross
April 29, 2010
Page 2

     Although AIG was aware of the grounds for rescission, and even alleges it communicated these grounds, it waited over ten months to commence the rescission action.

     During this period, it continued to accept premium. In fact, it accepted a premium payment on February 9, 2009, four days after it alleges it communicated its desire to rescind the policy.

     The law is well-established that "the continued acceptance of premiums by the carrier after learning of facts which allow for rescission of the policy, constitutes a waiver of, or more properly an estoppel against, the right to rescind." *Scalia v. Equitable Life Assur. Soc. of U.S.*, 251 A.D.2d 315, 673 N.Y.S.2d 730, 731(2nd Dept. 1998). There is a large body of law affirming this maxim. Security Mut. Life Ins. Co. of New York v. Rodriguez, 65 A.D.3d 1, 880 N.Y.S.2d 619 (1st Dept 2009); *Continental Ins. Co. v. Helmsley Enters.,* 211 A.D.2d 589, 622 N.Y.S.2d 20 (1995); *see Bible v. John Hancock Mut. Life Ins. Co*., 256 N.Y. 458, 176 N.E. 838 (Cardozo, Ch. J. 1931); s*ee also Johnson v. Mutual Benefit Health & Acc. Assn. of Omaha, Neb*., 5 A.D.2d 103, 107, 168 N.Y.S.2d 879 (1957), *mod. on other grounds* 5 N.Y.2d 1031, 185 N.Y.S.2d 552, 158 N.E.2d 251 (1959)).

     In addition, even if AIG had not accepted payment, its delay of ten months in commencing this action would bar its action. As the court in *S.E.C. v. Credit Bancorp, Ltd.,* 147 F.Supp. 2d 238 (S.D.N.Y. 2001) held, once an insurer is on notice of evidence indicating fraud and fails to move further by investigation or rescission, the insured is deemed to have ratified the policy.

     There are no factual questions which would preclude granting of summary judgment on this issue as AIG, itself, has pled that it was aware of the grounds for rescission over ten months before this action was commenced. Further, defendants will produce the cancelled checks and/or bank records to show that AIG accepted premium subsequent to the February 5, 2009 letter.

     The defendants, therefore, respectfully request a pre-motion conference for leave to move for summary judgment on the grounds set forth herein.

                                            Very truly yours,

                                            SCHINDEL, FARMAN, LIPSIUS,
                                            GARDNER & RABINOVICH LLP

                                            Ira S. Lipsius

ISL:bl