# EXHIBIT A

ꞁPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

Hon. Robert M. DiBella, *Justice.*

THE LINCOLN LIFE AND ANNUITY COMPANY OF NEW YORK,

Plaintiff,

-against-

ROSAMOND JANIS AND JONATHAN BERCK, as Trustee of the Rosamond Janis Insurance Trust

Defendants.

Index No. 17362/08

**NOTICE OF ENTRY**

**PLEASE TAKE NOTICE,** that the within is a true copy of the Decision and Order duly made and entered in the above-entitled action and filed in the office of the Clerk of the County of Westchester on the 8th day of January 2010.

Dated: New York, New York
January 11, 2010

SUSMAN GODFREY LLP

By: [signature]
Arun S. Subramanian

654 Madison Avenue, 5th Floor
New York, New York 10065
(212) 336-8330

*Attorneys for Defendant Jonathan Berck, as Trustee of the Rosamond Janis Insurance Trust*

TO:
Timothy J. O'Driscoll
Charles J. Vinicombe
Stephen C. Baker
Bradford P. Barron
Amy M. Apollo
**Drinker Biddle & Reath LLP**
One Logan Square
18th and Cherry Streets
Philadelphia, Pennsylvania 19103-6996
(215) 988-2865

Marsha J. Indych
**Drinker Biddle & Reath LLP**
140 Broadway, 39th Floor
New York, New York 10005
(212) 248-3162

*Counsel for Plaintiff*

Stanley D. Friedman
**McAloon & Friedman, P.C.**
123 William Street, 25th Floor
New York, New York 10038-3804
(212) 732-8700

*Counsel for Defendant Rosamond Janis*

## DECISION AND ORDER

To commence the statutory period of appeals as of right (CPLR 5513[a]), you are advised to serve a copy of this Order, with Notice of Entry, upon all parties.

FILED AND ENTERED ON Jan 8, 2010 WESTCHESTER COUNTY CLERK

Present: Hon. Robert M. DiBella
Acting Supreme Court Justice

SUPREME COURT OF THE STATE OF NEW YORK
IAS PART; WESTCHESTER COUNTY

---------------------------------------------------------------x

**THE LINCOLN LIFE AND ANNUITY COMPANY OF NEW YORK,**

**Plaintiff,**

**Index No.: 17362/08**

**-against-**

**ROSAMOND JANIS and JONATHAN BERCK, as Trustee of the Rosamond Janis Insurance Trust,**

**Seq. #10**

**Defendants.**

---------------------------------------------------------------x

The following papers numbered 1 through 10 were read and considered on this motion by defendant JONATHAN BERCK for an Order, pursuant to CPLR 3212, granting summary judgment in his favor:

(1) Notice of Motion;
(2) Affidavit (Martin E. Fleisher) in support; Exhibits A - B;
(3) Affirmation (Arun S. Subramanian) in support; Exhibits A - G;
(4) Affidavit in Opposition (Stephen C. Baker); Exhibits A - O;
(5) Affidavit in Opposition (Robert J. Mancuso); Exhibits A - K;
(6) Affidavit in Opposition (Joseph Paul McKinnon, Jr.);
(7) Affidavit in Opposition (Amy M. Apollo); Exhibits A - D;
(8) Affidavit in Opposition (Kenneth Elder); Exhibits A - E;
(9) Lincoln Life's Memorandum of Law in Opposition; and
(10) Defendant's Reply Memorandum of Law.

The defendant, Jonathan Berck, as Trustee of the Rosamond Janis Insurance Trust (hereinafter "Trustee") moves for summary judgment against the plaintiff on its claims for declaratory judgment (Counts I and II of the First Amended Complaint) and entering an

Order declaring that Lincoln is estopped from contending that the life insurance policy number LF5549300, on the life of Rosamond Janis (hereinafter the "Janis policy") is void *ab initio* or may be rescinded; or in the alternative, granting partial summary judgment to the Trustee on plaintiff Lincoln Life and Annuity Company of New York's (hereinafter "Lincoln") claims for declaratory judgment (Counts I and II), and entering an Order declaring that even if the Janis policy is declared void *ab initio* or to be rescindable by Lincoln, all premiums paid pursuant to the Janis policy must be returned to the Trustee. The plaintiff opposes the motion. The motion is granted

This is an action for declaratory judgment under CPLR § 3001, wherein the plaintiff seeks a declaration establishing its rights and obligations pursuant to a policy of life insurance on the life of Rosamond Janis, issued to the Rosamond Janis Insurance Trust (hereinafter the "Trust") dated June 17, 2006. Lincoln alleges in its complaint, *inter alia*, that the subject policy was procured by defendant Janis for the ultimate benefit of persons who had no legally cognizable interest in the life of Janis and that material misrepresentations were made in the application for the policy, upon which the plaintiff relied in issuing the policy.

The trustee alleges that after commencement of the instant action on or about August 8, 2008, the Trust made premium payments to Lincoln for the Janis policy, in the following amounts: 1) $34,000 on or about August 25, 2008; 2) $34,000 on or about October 14, 2008; 3) $4,000 on or about January 23, 2009; and $30,816 on or about April

10, 2009. The Trustee argues that in this action, the plaintiff seeks two incompatible forms of relief in that it seeks the court to hold that it may rescind the Janis policy or have it declared that the policy was void *ab initio*. At the same plaintiff disavows coverage, it also seeks to retain the $385,266 in premiums that were paid for coverage. Furthermore, the Trustee contends that the plaintiff commenced suit expressly alleging in its complaint there is no coverage, but at the same time continued to demand that premiums on the policy be paid, and in doing so, accepted an additional $102,816 in premiums after commencement of suit. The Trustee asserts that by accepting premiums after commencing suit, plaintiff's claims seeking rescission are barred. Moreover, if the insurance contract is rescinded, the Trustee claims that plaintiff would be required to return all of the premiums it received. The Trustee also points to the insurance policy itself which expressly states that even in the event of material misrepresentations "...if we cancel coverage....we will refund to you all premiums."[1] Therefore, defendant argues that the Trustee is entitled to judgment in its favor that (1) plaintiff is estopped from rescinding the Janis policy; or in the alternative, (2) that if plaintiff pursues rescission, it must first return all premiums paid for coverage.

In opposition, the plaintiff points to other cases that are or were pending in other jurisdictions where the defendant is also named as a party. In those cases, as in the instant one, the defendant is alleged to have participated in a STOLI scheme, wherein a

---

1 See copy of Policy No. LF-5549300 dated July 20, 2006 at p. 6, annexed as Exhibit "C" to the Affirmation of Arun S. Subramanian.

party takes out a life insurance policy and then immediately transfers the beneficial interest of such policy to stranger investors. Furthermore, plaintiff alleges that it is entitled to retain any premiums paid due to defendant's alleged material misrepresentations he made when he signed the Application for the policy, where he indicated there had been no discussions of selling or assigning of the Janis policy to a life settlement, viatical or other secondary market provider[2]. Additionally, plaintiff argues that the Trustee did not answer truthfully to question #64 on the application where it asked whether "you have in the past two years sold a policy to a life settlement, viatical or other secondary market provider[3]."

Based upon the foregoing, the plaintiff argues that an insurer may offset losses on a policy obtained by fraud from any premium refund. Additionally, the plaintiff contends, *inter alia*, that the defendant is not entitled to his premiums back if plaintiff's claims of misrepresentation and fraud by defendant are proven in the instant action. Moreover, the plaintiff claims that the Trust did not pay the post-suit premiums, but that they were paid by an entity known as LPC Holdings I LP. Also, the plaintiff argues that defendant has not made a *prima facie* case setting forth all the elements of estoppel. This is because in an insurance context, estoppel occurs where the insurer acts in a manner which is not

---

2 See ¶ 28 plaintiff's Complaint annexed to the Affirmation of Arun S. Subramanian as Exhibit "A". See also a copy of the application for insurance annexed to the Complaint as Exhibit "A".

3 See p. 3, Questions numbered 63 and 64 of the application for insurance annexed to the Complaint as Exhibit "A".

LINCOLN LIFE AND ANNUITY v. ROSAMOND JANIS, ET. ANO.
INDEX NO. 17362/08

consistent with a lack of coverage and the insured relies reasonably on the insurer's actions to his detriment. [4] Nor has defendant made a *prima facie* case there was reasonable reliance by the Trustee, in that in other cases involving defendant as a party, Lincoln has similarly sought a declaration that the policies were invalid, yet also sought to retain the premiums paid.

It is well settled that the granting of summary judgment is an extreme and extraordinary form of relief which is only warranted when the admissible evidence adduced leaves no unresolved question of fact in the movant's favor. See Alvarez v. Prospect Hospital, 68 N.Y.2d 320 (1986). However, "on the other hand, the court should not hesitate to give this remedy the full purpose for which it is intended". See Wanger v. Zeh, 45 Misc.2d 93, aff'd 26 A.D.2d 729 (3d Dept. 1966).

"The proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.". See Alvarez v. Prospect Hospital, *supra*. Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action: Id. citing

---

[4] The plaintiff cites, *inter alia*, the case Albert J. Schiff Assocs. Inc. v. Flack, 51 N.Y.2d 692 (1980) on p. 20 of its Memorandum of Law in Opposition to defendant's motion for summary judgment.

Zuckerman v. City of New York, 49 N.Y.2d 557 (1980).

When an insurer continues to accept premiums after it learns of alleged misrepresentations, the insurer is estopped from rescinding the policy. See Scalia v. Equitable Life Assurance Society of the United States, 251 A.D.2d 315 (2d Dept. 1998); See also Security Mutual Life Insurance Company of New York v. Rodriguez, 65 A.D.3d 1 (1st Dept. 2009). In order to determine whether the insurer is estopped from asserting a right to rescind the policy by having accepted premiums after learning about the alleged fraudulent misrepresentations, the court is to consider the following: (1) whether the insured was billed by the insurer or by its general agent; (2) whether the insurer had served notice of its election to rescind at the time premiums were accepted; (3) whether the insurer's receipt of payment was inadvertent or intentional; (4) whether the insurer's retention of the premium was permanent or temporary; and (5) whether the premium was returned within a reasonable time after responsible officials of the insurer became aware of payment of the premium. See Sielski v. Commercial Ins. Co. of Newark, New Jersey, 199 A.D.2d 974 (4th Dept. 1993).

In the instant case, the record is clear that the plaintiff continued to bill the insured after the commencement of suit, accepted policy premiums thereafter, and now admittedly seeks the right to retain all premiums paid. See Belesi v. Connecticut Mutual Life Insurance Company, 272 A.D.2d 353 (2d Dept. 2000). Thus, the Trustee has made a *prima facie* case that plaintiff has waived its right to rescind the policy through its demand

for, acceptance of and retention of policy premiums after it learned of defendant's alleged material misrepresentations, which was the basis for which plaintiff seeks to rescind the policy. As such, plaintiff's attempts to simultaneously accept premiums and assert its right to rescission are unenforceable. See Scalia v. Equitable Life Assurance Society of the United States, *supra*.

Accordingly, defendant's motion for summary judgment is granted and the court declares that plaintiff is estopped from contending that life insurance policy number LF5549300 may be rescinded.

This constitutes the Decision, Order and Judgment of the court.

Dated: White Plains, New York
January 4, 2010

[signature]
HON. ROBERT DIBELLA, AJSC

**LINCOLN LIFE AND ANNUITY v. ROSAMOND JANIS, ET. ANO.**
**INDEX NO. 17362/08**

To: Drinker Biddle & Reath LLP
Attorneys for plaintiff
140 Broadway, 39th Floor
New York, New York 10005

Arun Subramanian, Esq.
Susman Godfrey LLP.
Attorney for Defendant
*JONATHAN BERCK, AS TRUSTEE*
654 Madison Avenue, 5th Floor
New York, New York 10065

Stanley D. Friedman, Esq.
McAloon & Friedman, P.C.
Attorneys for Defendant
*ROSAMOND JANIS*
123 William Street
New York, New York 10038

final dispo. X
non-final dispo. ______

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

--------------------------------------------------------x

THE LINCOLN LIFE AND ANNUITY COMPANY OF NEW YORK

Plaintiff(s),

- against -

ROSAMOND JANIS, and JONATHAN BERCK, as Trustee of the Rosamond Janis Insurance Trust,

Defendant(s).

--------------------------------------------------------x

Index No. 17362/08

**AFFIDAVIT OF SERVICE**

**STATE OF NEW YORK )**
**) ss.:**
**COUNTY OF NEW YORK)**

Arun S. Subramanian, being duly sworn, deposes and says:

1. I am over eighteen years of age and am not a party to this action and am employed by Susman Godfrey LLP, 654 Madison Ave., 5th Floor, New York, New York 10065.

2. On January 11, 2010, I caused a copy of Notice of Entry to be served via e-mail and first-class mail on the following counsel:

Timothy J. O'Driscoll
Charles J. Vinicombe
Stephen C. Baker
Bradford P. Barron
Amy M. Apollo
Drinker, Biddle & Reath, LLP
One Logan Square
18th & Cherry Streets
Philadelphia, Pennsylvania 19103-6996
(215) 988-2865

Marsha Indych
Drinker, Biddle & Reath, LLP
140 Broadway
39th Floor
New York, New York 10005
(212) 248-3162

*Counsel for Plaintiff*

Stanley D. Friedman
McAloon & Friedman, P.C.
123 William Street
25th Floor
New York, New York 10038

*Counsel for Defendant Rosamond Janis*

Arun S. Subramanian

Sworn to before me this 11th day of January, 2010.

(Seal)

Notary Public in and for
THE STATE OF NEW YORK

ROBERTA ANN LEONE
Notary Public, State of New York
No. 24-4790044
Qualified in Kings County
Certificate Filed in New York County
Commission Expires June 30, 2011



962811v1/09305-011243